# IN THE

# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

---

CHRISTINE GIBBONS,

*Plaintiff-Appellee,*

v.

BETTY ANN GIBBS, in her official capacity as Secretary of the
Lynchburg Electoral Board, and in her personal capacity;
STEVEN TROXEL, in his official capacity as Vice Chair of the
Lynchburg Electoral Board, and in his personal capacity,

*Defendants-Appellants,*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA AT LYNCHBURG

---

## OPENING BRIEF OF APPELLANTS

---

David P. Corrigan
Maurice S. Fisher, Jr.
Blaire H. O'Brien
HARMAN CLAYTOR CORRIGAN & WELLMAN
P. O. Box 70280
Richmond, VA 23255
804-747-5200
dcorrigan@hccw.com
sfisher@hccw.com
bobrien@hccw.com

*Counsel for Appellants*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.


No. 23-1902          Caption: Gibbons v. Gibbs, et al.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Betty Ann Gibbs, in her official capacity as Secretary of the Lynchburg Electoral Board
(name of party/amicus)

_____

 who is _____appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1. Is party/amicus a publicly held corporation or other publicly held entity?  ☐YES ☑NO


2. Does party/amicus have any parent corporations?                ☐YES ☑NO
   If yes, identify all parent corporations, including all generations of parent corporations:




3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                ☐YES ☑NO
   If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question) ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding? ☐YES ☑NO
    If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.  Is this a criminal case in which there was an organizational victim? ☐YES ☑NO
    If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ David P. Corrigan          Date: 9/13/2023

Counsel for: Defendants - Appellants

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

## DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. _23-1902_       Caption: _Gibbons v. Gibbs, et al._

Pursuant to FRAP 26.1 and Local Rule 26.1,

_Steven Troxel, in his official capacity as Vice Chair of the Lynchburg Electoral Board_
(name of party/amicus)

who is _____appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?   ☐YES ☑NO

2.    Does party/amicus have any parent corporations?                              ☐YES ☑NO
      If yes, identify all parent corporations, including all generations of parent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                              ☐YES ☑NO
      If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐YES ☑NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐YES ☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☐YES ☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ David P. Corrigan          Date: 9/13/2023

Counsel for: Defendants - Appellants

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ ii

JURISDICTIONAL STATEMENT ................................................................1

STATEMENT OF ISSUES ............................................................................1

STATEMENT OF CASE ................................................................................2

STATEMENT OF FACTS ..............................................................................3

    I.      The Administration of Elections in Virginia is Dominated by
           the State ................................................................................................3

    II.     The Complaint's Allegations against Troxel and Gibbs ............................6

SUMMARY OF ARGUMENT ......................................................................7

STANDARD OF REVIEW .............................................................................8

ARGUMENT ..................................................................................................9

    I.      The Eleventh Amendment Bars the Official Capacity Claims .................9

         A. Eleventh Amendment immunity precludes claims against
            the Board ............................................................................................9

         B. The Official Capacity claims are also barred by Eleventh
            Amendment immunity.......................................................................11

    II.     The *Ex parte Young* Exception Does Not Apply ....................................12

CONCLUSION..............................................................................................17

# TABLE OF AUTHORITIES

## Cases

*Antrican v. Odom*,
290 F.3d 178 (4th Cir. 2002) .............................................................. 8

*Barrett v. Univ. of New Mexico Bd. of Regents*,
562 F. App'x 692 (10th Cir. 2014) .................................................... 16

*Benjamin v. Sparks*,
986 F.3d 332 (4th Cir. 2021) .............................................................. 8

*Biggs v. North Carolina Department of Public Safety*,
953 F.3d 236 (4th Cir. 2020) ............................................................ 13

*Caldwell v. Nottoway County*,
No. 3:22-CV-636-HEH, 2023 WL 4850156 (E.D. Va. July 28, 2023) ...... 11, 12

*Dillow v. Va. Polytechnic Institute & State University*,
No. 7:22-cv-280, 2023 WL 2320765 (W.D. Va. Mar. 2, 2023) ................ 10, 13

*Doyle v. Hogan*,
1 F.4th 249 (4th Cir. 2021) ............................................................... 13

*Edelman v. Jordan*,
415 U.S. 651 (1974) ......................................................................... 10

*Evans v. B.F. Perkins Co.*,
166 F.3d 642 (4th Cir. 1999) .............................................................. 9

*Ex parte Young*,
209 U.S. 123 (1908) ......................................................................... 13

*Franks v. Ross*,
313 F.3d 184 (4th Cir. 2002) .......................................................... 8, 12

*Hans v. Louisiana*,
134 U.S. 1 (1890) ......................................................................... 9-10

*Harter v. Vernon*,
101 F.3d 334 (4th Cir. 1996) .............................................................. 8

*Hutto v. S.C. Ret. Sys.*,
773 F.3d 536 (4th Cir. 2014) .......................................................... 8-9

*In re Sec'y of the Dep't of Crime Control & Pub. Safety*,
7 F.3d 1140 (4th Cir. 1993) ............................................................. 10

*Indus. Servs. Grp., Inc. v. Dobson*,
68 F.4th 155 (4th Cir. 2023) ......................................................... 1, 8

*Litman v. George Mason Univ.*,
186 F.3d 544 (4th Cir. 1999) ............................................................ 1

*Lytle v. Griffith*,
240 F.3d 404 (4th Cir. 2001) ..................................................... 11, 12

*McConnell & Chester v. Wise Cnty. Electoral Bd.*,
117 F.3d 1413 (4th Cir. 1997) ........................................................ 15

*McConnell v. Adams*,
829 F.2d 1319 (4th Cir. 1987) ........................................ 4, 5, 10-11, 12

*Mr. Charles W. Hanes & Ms. Mary G. Turner*,
Op. No. 19-053, 2020 WL 1058331 (Va. A.G. Feb. 28, 2020) ........................ 4

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
506 U.S. 139 (1993) ........................................................................ 1

*Regents of the University of California v. Doe*,
519 U.S. 425 (1997) ...................................................................... 10

*Seminole Tribe v. Florida*,
517 U.S. 44 (1996) ........................................................................ 10

*Sigma Lambda Upsilon/Señoritas Latinas Unidas Sorority, Inc. v. Rector & Visitors of the Univ. of Va.*,
503 F. Supp. 3d 433 (W.D. Va. 2020) ................................................ 13

*Stewart v. Nottoway County*,
No. 3:22-CV-635-HEH, 2023 WL 4849936
(E.D. Va. July 28, 2023) ..................................................... 12, 14, 15

*Stokes v. Hopewell Electoral Bd.*,
No. 3:19cv469-HEH, 2020 WL 591408 (E.D. Va. Feb. 6, 2020) ............. 11, 12

*Suarez Corp. Indus. v. McGraw*,
125 F.3d 222 (4th Cir. 1997) ............................................................ 1

*Wicomico Nursing Home v. Padilla*,
   910 F.3d 739 (4th Cir. 2018) ............................................................... 8

*Will v. Michigan Dep't of State Police*,
   491 U.S. 58 (1989) ........................................................................... 11

## Statutes

42 U.S.C. § 1983 ............................................................................ 10

Va. Code Ann. § 24.2-101 ................................................................. 3, 4

Va. Code Ann. § 24.2-103 ................................................................... 4

Va. Code Ann. § 24.2-106 ................................................................. 4, 5

Va. Code Ann. § 24.2-106.01 ............................................................... 5

Va. Code Ann. § 24.2-109 ......................................................... 5, 6, 8, 14

Va. Code Ann. § 24.2-109.1 ............................................................ 6, 14

Va. Code Ann. § 24.2-110 ............................................................. 5, 14

## Other Authorities

Fed. R. Civ. P. 12 ..................................................................... 2, 3, 8, 9

U.S. Const. amend. XI ..................................................................... 9

Va. Dept. of Elections Handbook, Chapter 2 ............................................. 5

# JURISDICTIONAL STATEMENT

On August 25, 2023, the United States District Court for the Western District of Virginia, Lynchburg Division, entered an Order [JA38] denying the Motion to Dismiss as to Appellee's official capacity claims against Appellants Steven Troxel and Betty Gibbs. Appellants filed a Notice of Appeal within hours of the District Court's ruling. [JA39].

This appeal is based on the District Court's denial of Eleventh Amendment sovereign immunity. It is settled law that the denial of Eleventh Amendment sovereign immunity is subject to an interlocutory appeal under the Collateral Order Doctrine. *See Puerto Rico Aqueduct v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 149 (1993); *Indus. Servs. Grp., Inc. v. Dobson*, 68 F.4th 155, 162 (4th Cir. 2023); *Litman v. George Mason Univ.*, 186 F.3d 544, 548 (4th Cir. 1999); *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 226-27 (4th Cir. 1997).

# STATEMENT OF ISSUES

Whether the District Court erred in denying Eleventh Amendment immunity to the official capacity claims asserted against Appellants Troxel and Gibbs.[1]

---

[1] Gibbons filed a "competing" Docketing Statement raising the additional issue of whether this appeal should be expedited. That issue has been fully briefed, and this Court entered an Order [Doc. 19] on September 19, 2023 in which the briefing schedule was accelerated while "defer[ring] further consideration of the motion to expedite pending assignment of the case to a panel for review on the merits."

# STATEMENT OF CASE

Plaintiff-Appellee Christine Gibbons served as the General Registrar for the City of Lynchburg from 2018 until her term expired on June 30, 2023. Gibbons contends that she should have been appointed automatically to another term and that she was not appointed due to partisan politics. Gibbons sued the Lynchburg Electoral Board, Dr. Steven Troxel in his personal and official capacities, and Betty Ann Gibbs in her personal and official capacities.

On May 30, 2023, Gibbs and Troxel allegedly notified Gibbs that she would not be appointed as General Registrar. [JA20 at ¶ 53]. Almost four weeks later, on June 26, 2023, Gibbons initiated this action in the District Court, a mere four days before her term expired. [JA2]. In her Complaint, which Gibbons prefaced as a "First Amendment challenge to [her] impending ouster," Gibbons alleged the decision to replace her was motivated by "partisan political animus." [JA1 at ¶ 1; JA20 at ¶ 56]. Gibbons also requested a temporary restraining order ("TRO") and preliminary and permanent injunction reinstating Gibbons. [JA22 at ¶ 66]; [JA3 at ECF No. 3].

On August 9, 2023, Appellants filed a Motion for Judgment on the Pleadings as to the personal capacity claims under Federal Rule of Civil Procedure 12(c). [JA6 at ECF No. 49].

On August 25, 2023, the District Court granted in part and denied in part Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) based on Eleventh Amendment immunity. [JA38]. Specifically, the Complaint against the Electoral Board was dismissed, but the official capacity claims against Troxel and Gibbs were not dismissed. [JA27, JA38]. Within hours of the District Court's ruling, Appellants filed an interlocutory appeal as to the denial of Eleventh Amendment immunity for the official capacity claims. [JA7 at ECF Nos. 54-56].

The District Court canceled a previously scheduled hearing on Gibbons's Motion for Preliminary Injunction and requested that Troxel and Gibbs file a motion to stay the individual capacity claims against them as soon as possible if it was their intent to do so. Appellants filed a Motion to Stay the remaining personal capacity claims on August 28, 2023. [JA7 at ECF No. 60].

The District Court has not yet ruled on the Motion for Judgment on the Pleadings as to the personal capacity claims or the Motion to Stay.

## STATEMENT OF FACTS

### I. The Administration of Elections in Virginia is Dominated by the State.

Federal, state, and local elections in Virginia are administered by a hierarchy of state entities and officials, which generally include the State Board of Elections (the "State Board"), local electoral boards, general registrars, deputy registrars, and officers of elections. *See* Va. Code § 24.2-101. The State Board supervises and

coordinates each local electoral board and general registrar in order "to obtain uniformity in their practices and proceedings." Va. Code § 24.2-103; *see also Mr. Charles W. Hanes and Ms. Mary G. Turner*, Op. No. 19-053, 2020 WL 1058331, at *3 n.7 (Va. A.G. Feb. 28, 2020) ("Both the registrar and the local electoral board remain subject to the ultimate oversight of the State Board . . . .").

Each county and city then have a local electoral board charged with administering federal, state, and local elections in their respective localities. *See e.g.,* Va. Code § 24.2-101. Each electoral board is overseen by the Virginia State Board of Elections and is comprised of three members: one Democrat, one Republican, and one representative from the party of the then-serving Governor. *Id.* § 24.2-106. The chief judge of the local circuit court appoints the electoral board members on recommendations from local party committees. *Id.* § 24.2-106.

Although local electoral boards and their members have a relationship with the locality they serve, electoral boards and their members "are dominated by the state." *McConnell v. Adams*, 829 F.2d 1319, 1328 (4th Cir. 1987). Members of the boards are selected via the party affiliation with the governor, which is a state-wide office; appointed by state judges; take an oath of office similar to state-wide officers; perform duties established by the Code of Virginia; receive compensation and reimbursement prescribed by the General Assembly budget; and are

supervised by the State Board. *Id.* at 1327. The duties of local electoral boards are thus "matters of state concern entrusted to state agencies." *Id.*

Under Virginia law, each "electoral board shall elect one of its members as chairman and another as secretary." Va. Code § 24.2-106 (B). The State Board is required to develop a description of the duties and responsibilities of the local electoral boards. Va Code § 24.2-106.01. In that regard, the Virginia Department of Elections publishes a Handbook to guide the election process.[2] Notably, the Handbook provides as follows: "In general, the duties outlined below are the responsibilities of the whole electoral board; in some cases, they are responsibilities specifically assigned to the electoral board secretary." *See* Handbook Chapter 2, § 2.5. Relevant to this case, the Handbook provides that "the ***electoral board*** for each county and city meet and appoint the general registrar." *See* Handbook Chapter 2, § 2.5.14.1 (emphasis added).

The Handbook, of course, is consistent with Virginia law, which specifically mandates, "Each ***electoral board*** shall meet in the month of May or June in 2007, and every four years thereafter, and shall appoint a general registrar." Va. Code Ann. § 24.2-110 (emphasis added); *see also* Va. Code Ann. § 24.2-109(A) ("Each ***electoral board*** shall appoint the general registrar for its city or county and officers

---

[2] A complete copy of the Handbook can be accessed here: https://www.elections.virginia.gov/media/grebhandbook/2023-updates/GREB-Handbook-2023_FINAL.pdf

of election for each precinct who shall serve in all elections, including town elections." (emphasis added).).

Further, it is the duty of the electoral board as a whole to review the general registrar's performance. Va. Code Ann. § 24.2-109.1 ("The *electoral board* shall conduct an annual performance review of the general registrar." (emphasis added).) Moreover, if the general registrar is to be removed, it is the *electoral board* as a whole that must institute removal proceedings. Va. Code § 24.2-109.

Virginia law does not give individual electoral board members independent authority to act with respect to general registrars, except that it is the job of the secretary to notify general registrars of his or her appointment. Va. Code § 24.2-109 ("The secretary of the electoral board shall promptly notify each appointee of his appointment.").

## II.    The Complaint's Allegations against Troxel and Gibbs.

The City of Lynchburg Electoral Board ("Board") appointed Gibbons to be the General Registrar for that jurisdiction in 2018. [JA10 at ¶ 10]. Gibbons's most recent term as General Registrar expired on June 30, 2023. [JA20 at ¶ 53]. At that time, the Board consisted of two Republican-appointed members, Gibbs and Troxel, and one Democratic-appointed member, David Neumeyer. [JA11 at ¶ 14]. Gibbs serves as the Secretary. [JA9 at ¶ 5]. Troxel serves as the Vice Chair. [JA10 at ¶ 6]. Neumeyer serves as the Chair. [JA11 at ¶ 14].

6

On March 20, 2023, the Board adopted a procedure whereby the General Registrar position was open to new applicants to fill the position at the end of Gibbons's term on June 30, 2023. [JA17 at ¶¶ 44-45]. Gibbs and Troxel provided the majority vote for that procedure. [JA17 at ¶¶ 44-45]. The Board notably did not exclude Gibbons from submitting her resume and other materials for consideration. Indeed, she applied for a new term and was interviewed for the position. [JA17 at ¶¶ 46-48].

The Board met in open session on June 1, 2023, and voted not to appoint Gibbons and to appoint Daniel Pense who is currently serving as the General Registrar. [JA20 at ¶54]. Gibbs and Troxel provided the majority vote. [JA20 at ¶¶ 54, 56]. Gibbons brings this First Amendment action challenging the Board's decision as "motivated by partisan political animus." [JA20 at ¶ 56].

## SUMMARY OF ARGUMENT

The Eleventh Amendment bars suit against the Electoral Board of the City of Lynchburg, as well as any claim against Troxel and Gibbs in their official capacities. The Boad is a state entity for purposes of the Eleventh Amendment, which bars recovery under any theory. That much is not really in dispute. The District Court, however, erred in applying the *Ex parte Young* exception to the official capacity claims against Troxel and Gibbs. Neither Troxel nor Gibbs have authority on their own to reinstate Gibbons as the General Registrar for the City of

Lynchburg. Reinstatement would require that action be taken by the Board as whole in accordance with Va. Code § 24.2-109(A). Lacking authority to provide Gibbons the relief she seeks, the official capacity claims against Troxel and Gibbs do not satisfy the narrow exception defined by *Ex parte Young*. Accordingly, these claims should be dismissed with prejudice for lack of jurisdiction.

## STANDARD OF REVIEW

This Court reviews the denial of a motion to dismiss *de novo*. *Benjamin v. Sparks*, 986 F.3d 332, 351 (4th Cir. 2021). This Court also reviews *de novo* the legal question of sovereign immunity. *See Harter v. Vernon*, 101 F.3d 334, 336-337 (4th Cir. 1996). "That includes 'a district court's legal determination of whether *Ex parte Young* relief is available,' which is an 'immediately appealable' issue." *Indus. Servs. Grp., Inc. v. Dobson*, 68 F.4th 155, 162–63 (4th Cir. 2023) (quoting *Franks v. Ross*, 313 F.3d 184, 192–93 (4th Cir. 2002); *Antrican v. Odom*, 290 F.3d 178, 184 (4th Cir. 2002)).

Gibbs and Troxel moved to dismiss pursuant to Rule 12(b)(1), which permits dismissal for lack of subject matter jurisdiction. An assertion of Eleventh Amendment immunity is a challenge to a court's subject matter jurisdiction. *See, e.g.*, *Wicomico Nursing Home v. Padilla*, 910 F.3d 739 (4th Cir. 2018) (addressing the Eleventh Amendment as a question of subject matter jurisdiction). A defendant bears the burden of demonstrating immunity. *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536,

543 (4th Cir. 2014). Dismissal under Rule 12(b)(1) is appropriate "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

# ARGUMENT

## I. The Eleventh Amendment Bars the Official Capacity Claims.

The Board is an instrumentality of the Commonwealth of Virginia that is entitled to sovereign immunity under the Eleventh Amendment. Troxel, in his official capacity, and Gibbs, in her official capacity, are to be treated the same as the Board. Accordingly, Eleventh Amendment immunity also bars the official capacity claims against Troxel and Gibbs.

### A. Eleventh Amendment immunity precludes claims against the Board.

The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. The Supreme Court has interpreted the Eleventh Amendment's prohibition to encompass actions by a citizen against her state of residence; that is, a state is also not subject to suit in federal court by one of its own residents. *See*

*Hans v. Louisiana*, 134 U.S. 1 (1890). *See also Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Federal courts only have subject matter jurisdiction over a suit by an individual against a state when either: (1) the state consents to be sued in federal court, or (2) Congress abrogated the states' Eleventh Amendment immunity through a clear expression of legislative intent to abrogate that is exercised pursuant to Congress' power under § 5 of the Fourteenth Amendment. *Seminole Tribe v. Florida*, 517 U.S. 44, 55 (1996). Here, Gibbons sues pursuant to 42 U.S.C. § 1983. The Commonwealth of Virginia has not waived its immunity from suit pursuant to § 1983. *See, e.g.*, *Dillow v. Virginia Polytechnic Institute and State University*, No. 7:22-cv-280, 2023 WL 2320765, at *6 (W.D. Va. Mar. 2, 2023). Nor did Congress abrogate the States' Eleventh Amendment immunity in passing § 1983. *In re Sec'y of Dep't of Crime Control & Pub. Safety*, 7 F.3d 1140, 1149 (4th Cir. 1993). The Commonwealth of Virginia, therefore, is immune from suit under § 1983.

Moreover, the Eleventh Amendment immunizes not only states, but also "state agents and state instrumentalities" from suit in federal court. *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). The Fourth Circuit has held that local electoral boards in Virginia are instrumentalities of the state such that they receive the protections of the Eleventh Amendment. *McConnell v.*

10

*Adams*, 829 F.2d 1319, 1327 (4th Cir. 1987). In so holding, the Fourth Circuit emphasized that electoral board members are appointed by state judges, selected based on the party affiliation of the governor, take an oath prescribed by the state constitution, and are supervised by the State Board of Elections. *Id.*

As an instrumentality of the Commonwealth, therefore, it is clearly established that the Board has immunity from suit under the Eleventh Amendment. *Angela Stewart v. Nottoway County*, No. 3:22-cv-635, 2023WL 4849936 (E.D. Va. July 28, 2023); *Sharon Caldwell v. Nottoway County*, No. 3:22-cv-636, 2023WL4850156 (E.D. Va. July 28, 2023); *Stokes v. Hopewell Electoral Bd.*, No. 3:19CV469-HEH, 2020 WL 591408, at *2 (E.D. Va. Feb. 6, 2020).[3]

### B.  The Official Capacity claims are also barred by Eleventh Amendment immunity.

An action against a state officer in his or her official capacity "is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, Eleventh Amendment immunity applies to "[s]tate officers acting in their official capacity." *Lytle v. Griffith,* 240 F.3d 404, 408 (4th Cir. 2001) (quoting *Will,* 491 U.S. at 71).

---

[3] The District Court granted the Board's Motion to Dismiss, and the dismissal of the Electoral Board is not challenged on this appeal.

In Virginia, members of a local electoral board "are considered state employees for the purposes of the Eleventh Amendment." *Stokes*, 2020 WL 591408, at *2 (citing *McConnell*, 829 F.2d at 1327–28). Because the Electoral Board is a state entity and its board members are state employees, the Eleventh Amendment bars any official capacity claim against Troxel and Gibbs. *Stewart* No. 3:22-CV-635-HEH, 2023 WL 4849936, at *5 (E.D. Va. July 28, 2023); *Caldwell*., No. 3:22-CV-636-HEH, 2023 WL 4850156, at *6.

## II. The *Ex parte Young* Exception Does Not Apply.

The Supreme Court has recognized one potentially applicable exception to Eleventh Amendment immunity. "The long-standing doctrine of *Ex parte Young* allows private citizens, in proper cases, to petition a federal court to enjoin State officials in their official capacities from engaging in future conduct that would violate the Constitution or a federal statute." *Franks v. Ross*, 313 F.3d 184, 197 (4th Cir. 2002) (internal quotation omitted). "Specifically, *Ex parte Young* authorizes 'suits against **state officers** for prospective equitable relief from ongoing violations of federal law.'" *Id.* (quoting *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001)). The *Ex parte Young* exception, however, is narrow: "It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past and, crucially, has 'no application in suits against the [s]tates and their agencies, which are barred

regardless of the relief sought.'" *Dillow*, 2023 WL 2320765 at *7 (quoting *Sigma Lambda Upsilon/Senoritas Latinas Unidas Sorority, Inc. v. Rector & Visitors of the Univ. of Va.*, 503 F. Supp. 3d 433, 442-43 (W.D. Va. 2020)).

Gibbons's request for reinstatement is a request for prospective injunctive relief. *Biggs v. North Carolina Department of Public Safety*, 953 F.3d 236, 243 (2020). But the Eleventh Amendment nonetheless bars all actions against Troxel, in his official capacity, and Gibbs, in her official capacity, since neither can individually provide the relief sought.

For *Ex parte Young* to apply, the official sued must have "the authority to enforce the particular law at issue." *Doyle v. Hogan*, 1 F.4th 249, 254 (4th Cir. 2021). "That authority can come from the particular act being challenged, a more general law providing enforcement authority, or the general duties of the officer." *Id.* at 255 (internal quotation omitted). The key factor, however, is that "the officer sued must be able to enforce, if he so chooses, the specific law the plaintiff challenges." *Id.* But see *Ex parte Young*, 209 U.S. 123, 157 (1908) ("The fact that the state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is specially created by the act itself, is not material so long as it exists.").

Here, neither Gibbs nor Troxel is independently possessed of the capacity to impose the relief Gibbons seeks. That is, neither Gibbs nor Troxel can unilaterally direct who serves as the General Registrar of the City of Lynchburg. By statute, it is the Board as a whole that appoints the General Registrar, reviews the General Registrar's performance, and removes the General Registrar if necessary. *See* Va. Code §§ 24.2-109, 24.2-109.1, 24.2-110. The only independent authority given to an individual officer of the Board is the requirement that the "Secretary of the electoral board shall promptly notify each appointee of his appointment." Va. Code § 24.2-109. Troxel, in his official capacity, and Gibbs, in her official capacity, lack the authority to enforce the relief requested and, accordingly, do not satisfy the narrow exception defined by *Ex parte Young* for granting prospective injunctive relief.

While this case has been pending, the United States District Court for the Eastern District of Virginia came to the same conclusion in a case involving substantially the same issue. In *Stewart v. Nottoway Cnty.*, No. 3:22-CV-635-HEH, 2023 WL 4849936 (E.D. Va. July 28, 2023), a former general registrar for Nottoway County sued the Nottoway County Electoral Board and some of its board members (both past and current members) in their official and personal capacities. With respect to the official capacity claims against electoral board members, the court found that "local electoral board members are considered state

14

employees for the purposes of the Eleventh Amendment" and that "the Eleventh Amendment bars any official-capacity claims." *Stewart,* 2023 WL 4849936, at *5.

The court also addressed the *Ex parte Young* exception as it applies to claims against individuals for prospective injunctive relief, such as Gibbons's apparent request to be reinstated. Specifically, the Court held that the *Ex parte Young* exception did not apply against electoral board members in their official capacities:

> *[T]he Ex parte Young* exception also does not apply against the individual Board members. Because the authority to reinstate Plaintiff does not lie with the individual members, as none of them can unilaterally reinstate Plaintiff, that action would be taken by the Board itself, acting through a majority of its members. Thus, Plaintiff cannot allege that the individual Board members are committing ongoing violations of federal law.

*Id.* at *8.

Gibbons will no doubt point to this Court's decisions in *McConnell* and *Chester v. Wise Cnty. Electoral Bd.*, 117 F.3d 1413 (4th Cir. 1997). In both of those cases, local electoral board members were ordered to reinstate general registrars who had not been appointed due to partisan political motivations. This Court, however, did not address the relative statutory powers and duties of the defendants or how they may have applied to *Ex parte Young* before it reinstated the plaintiffs in *McConnell* and *Chester.* Indeed, the Court in *Chester* did not so much as mention the Eleventh Amendment or the *Ex parte Young* exception, and the

Court in *McConnell* only mentioned the *Ex parte Young* exception in a single sentence at the end of the opinion.

Simply put, this Court has not addressed the specific question of whether the *Ex parte Young* exception applies when the authority to act rests entirely with a board as a whole rather than with individual members. The Tenth Circuit, however, has done so and applied similar reasoning to that of *Stewart*.

In *Barrett v. Univ. of New Mexico Bd. of Regents*, the Tenth Circuit held that *Ex parte Young* did not apply to official capacity claims against members of the University of New Mexico Board of Regents. 562 F. App'x 692, 693 (10th Cir. 2014). Barrett was discharged as an employee of the University, alleging she was fired under the guise of a reduction in force due to her disabilities in violation of the Americans with Disabilities Act ("ADA"). Barrett argued that the individual members of the Board of Regents could be ordered to reinstate her employment pursuant to *Ex parte Young*. The Tenth Circuit, however, found that the *Ex parte Young* exception did not apply since "Barrett's general allegations of responsibility to enforce the ADA are insufficient because individual Board members are not empowered to act individually, but must act as a body corporate." *Id.*, 562 F. App'x at 694.

The *Ex parte Young* exception breaks down when applied to individual members of a multimember board that has full control over the decision at issue.

Under Virginia law, neither Troxel nor Gibbs has the authority to hire or fire the general registrar alone – those decisions require a vote of the entire electoral board. Because neither Troxel nor Gibbs can enforce the relief requested, Gibbons cannot satisfy the narrow exception defined by *Ex parte Young* for granting prospective injunctive relief. The official capacity claims should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the District Court's Opinion and Order denying the Motion to Dismiss should be reversed, and this Court should enter an order granting the Motion to Dismiss and dismissing the official capacity claims against Troxel and Gibbs with prejudice.

Respectfully submitted, October 10th, 2023,

*s/ David P. Corrigan*
David P. Corrigan
Maurice S. Fisher, Jr.
Blaire H. O'Brien
HARMAN CLAYTOR
CORRIGAN & WELLMAN
P. O. Box 70280
Richmond, VA 23255
804-747-5200
dcorrigan@hccw.com
sfisher@hccw.com
bobrien@hccw.com